Cooperativa Central de Puerto Rico, Inc., Plaintiff and Appellant, *v.* Eduardo Flores, Defendant; Cámara Insular de Comerciantes Mayoristas, Inc., Intervener and Appellee.

No. 9650. Argued April 9, 1948.—Decided May 6, 1948.

*F. Hernández Vargas* for appellant. *Otero Suro & Otero Suro* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

. The plaintiff co-operative in its complaint prayed that Eduardo Flores, a merchant, be adjudged to pay the sum of $1,607.37 as the amount of merchandise and provisions which were sold to him on credit by the plaintiff. On motion of the latter, the District Court of San Juan decreed the attachment of property of the defendant in an amount sufficient to cover the sum claimed, disbursements, costs, and attorney's fees. On May 27, 1947, the marshal attached defendant's establishment in Río Piedras, made an inventory of the goods existing therein, left the establishment completely closed, and designated Mr. Leonardo F. Velázquez as depositary.

On June 10, 1947, the plaintiff filed a motion in which it alleged that the goods attached were fungible (*sic*) and, as such, perishable and liable to decay, for which reason it re-

quested that the marshal be ordered to sell at public auction so much thereof as would be sufficient to cover the sum claimed.

On June 24, 1947, Cámara Insular de Comerciantes Mayoristas, Inc., requested and obtained from the lower court leave to intervene and to oppose the liquidation and sale of the goods attached, and alleged the following grounds of opposition:

1. That the attachment levied at the request of the plaintiff was void because the goods attached were never *in custodia legis,* and, furthermore, because the depositary of the attached goods was not appointed by the court which had decreed the attachment; and if appointed by the marshal, the appointment was never approved or confirmed by the court.

2. Because defendant's goods are *in custodia legis* by virtue of an attachment levied by the intervener, pursuant to an order issued, on June 17, 1947, by the same District Court of San Juan, in action of debt brought by the intervener against Eduardo Flores. In the order of attachment the court designated Mr. José Díaz Miró as depositary of the goods which were to be attached and the marshal placed the attached goods under the custody of said depositary.

The intervener maintains that its right over the attached goods is preferential and paramount to that claimed by the plaintiff.

The lower court granted Cámara Insular de Comerciantes Mayoristas, Inc., leave to intervene and set July 7, 1947, for the hearing of the motion regarding the liquidation and sale of the attached goods. On September 25 of that same year, the court rendered a decision declaring null and void the attachment levied by Cooperativa Central de Puerto Rico, Inc. Feeling aggrieved by that decision, the plaintiff cooperative took the present appeal.

The plaintiff-appellant in its first assignment urges that the lower court erred in allowing Cámara Insular de Comer-

ciantes Mayoristas, Inc., to intervene for the sole purpose of challenging the validity of the first attachment. In the second assignment it is maintained that the lower court erred in declaring void the first attachment levied by the plaintiff.

The appellant contends that a subsequent attaching creditor is entitled to intervene in the action in which the first attachment was levied only when the latter was obtained through fraud or through collusion between the litigants, or when the debts secured by the attachment were not due; but that a subsequent attaching creditor is not entitled to intervene and seek the annulment of the first attachment by reason of alleged defects in the proceeding unless "he alleges and proves a substantial defect which annuls the proceeding." The appellant argues that the fact that the appointment made by the marshal in favor of Mr. Velázquez as depositary, was not approved by the court, is not a substantial defect which would entitle the subsequent attaching creditor to intervene in the proceeding.

 The first question to be considered and decided is whether the alleged first attachment had any legal existence or effectiveness.

Section 10 of the Act to Secure the Effectiveness of Judgments, approved March 1, 1902, Rev. Stat. 1902, p. 166, Code of Civil Procedure, 1933 ed., p. 101, provides that "An order prohibiting the alienation of personal property, and an attachment on the same, shall be effected by depositing the personal property in question with the court, or the person designated by it, under the responsibility of the plaintiff."

Construing said § 10 in *Balaguer* v. *District Court,* 59 P.R.R. 645, we held that the power to designate the person who will act as depositary of the goods attached belongs to the court which decrees the attachment and not to the attaching creditor.

In *Dávila* v. *Rosa,* 61 P.R.R. 586, the question submitted for our decision was whether or not certain property of the defendant Rosa had been duly attached by an order of the

municipal court and was therefore *in custodia legis* at the time the marshal of the district court seized and delivered it to the depositary designated by said court. We held that the first attachment was void, saying:

"According to the clear language of the statute, the attachment of personal property may only be levied in two ways: (*a*) by depositing the property in question with the court which ordered the attachment, or (*b*) by depositing it with a person designated by the court which ordered the attachment. In the case at bar, the Municipal Court of Cayey did not designate Mr. Mendoza or any other person to act as depositary for the property which was to be attached. It was the marshal who designated Mr. Mendoza. The statute, as we have seen, grants the power to designate the depositary to the court and not to the marshal. The latter may, under certain circumstances, designate a depositary of the property attached by him, but he must submit such a designation for the approval of the court which ordered the attachment. *Balaguer* v. *District Court*, 59 P.R.R. 645. In the case at bar neither one of these two things was done and consequently, the property which was in possession of José Mendoza was not *in custodia legis* at the time that it was attached by the marshal of the district court."

■ If we apply the rule laid down in *Dávila* v. *Rosa*, *supra*, to the facts of the present case, we must reach the unavoidable conclusion that the first attachment was never valid or had any legal effect, and that, therefore, the personal property belonging to the defendant Eduardo Flores was not *in custodia legis* when it was attached by the marshal pursuant to the order of attachment issued by the District Court of San Juan at the request of the intervener corporation.

■ The lower court did not err in permitting the intervention of Cámara Insular de Comerciantes Mayoristas, Inc. In numerous cases this Court has acknowledged the right of a subsequent attaching creditor to intervene and be heard in the action in which the first attachment was levied. See *Rodríguez & Hnos., S. en C.* v. *District Court*, 40 P.R.R. 839; *Murray* v. *Tabacaleros de Bayamón, Inc.*, 43 P.R.R. 200; *Melón Hermanos & Co* v. *R. Muñiz de León & Co.*, 49 P.R.R.

687; *Benítez* v. *Tabacaleros of Aibonito,* 50 P.R.R. 754; *Reyes & Pagán* v. *District Court,* 52 P.R.R. 633; *Vélez* v. *Municipal Court,* 65 P.R.R. 552.

The order appealed from will be affirmed.